UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CATFISH FARMERS OF AMERICA, *et al.*,<br><br>             Plaintiffs,<br><br>     v.<br><br>UNITED STATES,<br><br>             Defendant,<br><br>     and<br><br>CAN THO IMPORT EXPORT SEAFOOD JOINT STOCK COMPANY and NTSF SEAFOODS JOINT STOCK COMPANY,<br><br>             Defendant-Intervenors. | Before: Hon. Richard K. Eaton,<br>               Judge<br><br>Court No. 25-00156 |

**STATEMENT OF ISSUES**

Pursuant to the Court's September 4, 2025 letter, the Plaintiffs submit the following statement of issues to be considered in this action.

**I.   Issue 1 – Commerce's Calculation of the Separate Rate**

   **A.   Statement of the Issue**

Commerce's decision to apply a zero antidumping duty rate calculated for a single individually-examined mandatory respondent to all non-individually examined respondents, *i.e.,* non-mandatory respondents, violates 19 U.S.C. § 1673d(c)(5).

   **B.   Type of Claim, Applicable Statutory Provision, and Standard of Review**

Legal: 19 U.S.C. § 1673d(c)(5) requires Commerce to exclude zero and *de minimis* antidumping margins when calculating a weighted average margin for companies that are not

individually examined.[1] Where all antidumping margins established for exporters and producers individually examined are zero or *de minimis*, Commerce must use "any reasonable method" to determine the rate applied to those not individually examined, the non-mandatory respondents, called the "separate rate" in non-market economy proceedings. 19 U.S.C. § 1673d(c)(5)(B).

In this administrative review, Commerce erred in its decision to apply the rate of zero determined for only one mandatory respondent to all remaining respondents not individually examined. Commerce's decision violates the statute's mandate that the agency determine a reasonable method for determining a rate for the non-mandatory respondents. 19 U.S.C. § 1673d(c)(5).

Under the relevant standard of review, the Court will set aside any determination that is not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). The Court should set aside Commerce's application of a zero rate to the non-mandatory respondents.

## II.  Issue 2 – The Nonrepresentative Separate Rate

### A.  Statement of the Issue

Commerce erred when it applied the mandatory respondent's $0.00/kg antidumping duty rate to the non-mandatory respondents because the record did not reasonably support Commerce's determination that such a rate was warranted for those respondents.

### B.  Type of Claim, Applicable Statutory Provision, and Standard of Review

Factual: Where all calculated antidumping margins are zero or *de minimis*, Commerce may use "any reasonable method" to determine the rate applicable to non-mandatory respondents. 19 U.S.C. § 1673d(c)(5)(B). Under the statute, the "reasonable method" is necessarily a fact-

---

[1] While this section of the statute applies only to investigations, Commerce has historically applied the provision to administrative reviews as well. *See Albemarle Corp. & Subsidiaries v. United States*, 821 F.3d 1345, 1352-53 (Fed. Cir. 2016).

**Court No. 25-00156**

specific determination, and it must be "reasonable." In the past, Commerce has considered the dumping history of non-mandatory respondents to determine a "reasonable" method for deriving their antidumping duty margins in a particular review. *See e.g., PrimeSource Building Products, Inc. v. United States*, 111 F.4th 1320, 1331-32 (Fed. Cir. 2024) (citing *Changzhou Hawd Flooring Co., Ltd. v. United States*, 848 F.3d 1006, 1012 (Fed. Cir. 2017)).

In this administrative review, Commerce did not follow this method nor did it look to any other reasonable method. In fact, there is no evidence in the record to support Commerce's determination that the assignment of one mandatory respondent's calculated rate of $0.00/kg to all non-mandatory respondents was reasonable. The record demonstrates that the non-mandatory respondents had operations, cost structures, and pricing factors that are different from those of the sole mandatory respondent. Moreover, the history of the instant antidumping duty order shows consistent dumping in the United States by the producers/exporters of subject merchandise. Therefore, Commerce's decision that, because one respondent was not dumping, means that all other producers/exporters are not dumping is irrational, unreasonable, and inconsistent with the law.

Under the relevant standard of review, the Court will set aside any determination that Commerce has not supported with substantial evidence or is otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). Substantial evidence is measured by the entire record, and Commerce "must take into account whatever in the record fairly detracts from its weight." *Suramerica de Aleaciones Laminadas, C.A. v. United States*, 44 F. 3d 978, 985 (Fed. Cir. 1994) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

3

**Court No. 25-00156**

                Respectfully submitted,

                */s/ Nazak Nikakhtar*
                Nazak Nikakhtar, Esq.
                Maureen E. Thorson, Esq.
                Stephanie M. Bell, Esq.
                John Allen Riggins, Esq.

                **WILEY REIN LLP**
                2050 M Street, NW
                Washington, DC 20036
                (202) 719-7000
                WileyTrade@wiley.law

                *Counsel for Plaintiffs Catfish Farmers of America, et al.*

Dated: November 24, 2025